**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| CHRISTOPHER ROSHOD JORDAN, | * * | |
| Plaintiff, v. | * * | |
| CITY OF DORAVILLE, P.O. NALEPA, P.O. PIKE, | * * * | Civil Action No.: |
| Defendants. | * * | **Jury Trial Demanded** |

## COMPLAINT FOR DAMAGES

With the written consent of Defendant as shown below, Plaintiff CHRISTOPHER R. JORDAN hereby files this Complaint for Damages against Defendant CITY OF DORAVILLE, P.O. NALEPA AND P.O. PIKE pursuant to 42 U.S.C §§ 1983 and 1988 and the Fourth Amendment of the United States Constitution. In support of his Complaint, Plaintiff shows the following:

## INTRODUCTION

1.

This is a civil action asserting claims under federal law for false imprisonment and malicious prosecution. Plaintiff demands a jury trial and seeks an award of economic, compensatory, and punitive damages, as well as an award of attorneys' fees and costs.

## PARTIES, JURISDICTION AND VENUE

2.

Plaintiff Christopher R. Jordan is a resident of Georgia.

3.

The Defendant City of Doraville is subject to jurisdiction in this Court. Defendant has been personally served with Summons and a copy of the Complaint and is represented by counsel in this action.

4.

At all times relevant to this action, Officers Nalepa and Pike were acting under color of state law and within the scope of his functions as a duly sworn, certified law enforcement officer employed in the City of Doraville.

5.

Venue is proper in this District.

**FACTUAL ALLEGATIONS**

6.

On the evening of December 29, 2019, Mr. Jordan's vehicle ran out of gas on I285 & I85, because Mr. Jordan did not have his cell phone, he walked to the convenience store on Tilly Mill Road to use a phone.

7.

A 911 call was made reporting a male jumping in and out of traffic. Officer J. Nalepa, was the first officer to arrive at the Chevron located at 6380 Peachtree Industrial Blvd.

8.
Officer J. Nalepa asked Mr. Jordan for his ID, Mr. Jordan presented his Georgia Issued Concealed Carry Permit.

9.

When Officer J. Nalepa asked about weapons, Mr. Jordan stated that he had a handgun on

him. Officer J. Nalepa attempted to grab Mr. Jordan's right wrist and take the handgun from Mr. Jordan's pocket. Mr. Jordan pulled away to prevent Officer Nalepa from grabbing him.

10.

When Officer Nalepa could not get the handgun, Officer Nalepa retreated to the rear of his vehicle where he fell and injured himself. He pointed his gun at Mr. Jordan and ordered Mr. Jordan to the ground. Mr. Jordan complied.

11.

Mr. Jordan was handcuffed, placed in the back of the patrol car with no explanation as to why he was being detained. Mr. Jordan was taken to the City of Doraville. Mr. Jordan was escorted by officers into the building. Mr. Jordan's locs were in braids, the locs were snatched out of the braided style by Doraville Police Officers. Mr. Jordan was cut out of his clothes by Doraville Police Officers, then placed in a holding cell naked until he was transported to the Dekalb County Jail, where he remained until January 5, 2020.

12.

City of Doraville charged Mr. Jordan with Felony Obstruction for POSSESSING/CONCEALING a handgun. Mr. Jordan carries a Georgia Concealed Carry Permit. Mr. Jordan was charged with assault on a law officer for causing the injury that Officer Nalepa sustained when he fell after retreating behind his patrol car.

**Count One - False Imprisonment and Malicious Prosecution**

20.

At all relevant times, Officer Nalepa and Pike acted under color of state law in his capacity as a Police Officer with the City of Doraville.

21.

Officer Nalepa and Pike lacked probable cause or reasonable suspicion to believe that Mr. Jordan was committing any crime or posed any threat to anyone.

22.

Officer Nalepa and Pike were not legally authorized to seize Mr. Jordan or use any force against him whatsoever.

23.

Officer Nalepa and Pike seized Mr. Jordan within the meaning of the Fourth Amendment.

24.

In effecting that seizure, Officer Nalepa and Pike used a level of force against Mr. Jordan that could foreseeably cause significant bodily harm or death.

25.

In the alternative, even if Officers Nalepa and Pike had been authorized to use any level of force, which they were not, the level of force used was unconstitutionally excessive.

26.

Officer Nalepa and the City of Doraville use of force caused scratching, bruising, and other injuries to Mr. Jordan's face and hands.

27.

Mr. Jordan is entitled to compensatory damages, including, but not limited to, damages for medical costs; pain and suffering; mental anguish; and violation of his constitutional rights; and punitive damages.

**Count Two - Attorneys' Fees and Expenses of Litigation**

28.

Because of Defendants' violations of his civil rights, Plaintiff is entitled to an award of costs, including but not limited to reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) That the Court award Plaintiff compensatory, punitive, and/or nominal damages against all Defendants in an amount to be determined by the enlightened conscience of an impartial jury;

(b) That the Court grant Plaintiff his reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(d) That Plaintiff be granted a trial by jury on all issues so triable; and

(e) That Plaintiff be granted such other and further relief as this Court deems just and proper.

This 23rd day of August, 2024.

Respectfully submitted,

UGWONALI LAW GROUP LLC

*s/Adanna U. Ugwonali*
ADANNA U. UGWONALI
Georgia Bar No. 360541

750 Hammond Drive
Building 12, Ste. 200
Atlanta, Georgia 30328
(404) 593-2705 [Telephone]
(404) 334-3306 [Facsimile]
adanna@auulaw.com