IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER ROSHOD JORDAN, | * * * |
| Plaintiff, | * |
| | * CAFN: 1:24-cv-03771-WMR |
| v. | * * |
| CITY OF DORAVILLE, P.O. NALEPA, P.O. PIKE, | * * * |
| Defendants. | * |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND CROSS MOTION TO AMEND COMPLAINT**

COMES NOW Plaintiff Christopher Roshod Jordan in the above styled matter and responds to Defendants' Motion to Dismiss (Doc. 6) and shows this Court as follows:

**LEGAL STANDARD**

"A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute." *Callen v. Daimler AG,* No. 1:19:-CV-1411, 2021 WL 4523436, at *2 (N.D. Ga. Oct 4, 2021) *see also Lifestar Ambulance Serv. Inc. v. United States,* 365 F.3rd 1293, 1295 (11th Cir. 2004).

"[A] defendant may move to dismiss a complaint for failure to state a claim

1

upon which relief may be granted. A complaint has failed to state a claim if the facts as pled, accepted as true, do not state a claim for relief that is plausible on its face." *Miller v. Thomas , Kennedy, Samspo & Tompkins, LLP,* No. 1:20-CV-04717-SCJ, 2021 WL 4815201, at 3* (N.D. Ga. June 17, 2021) (citation omitted). "In ruling on a 1299b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3rd 1271 (11th Cir. 2010).

**B. Plaintiff Properly Served the Defendants and Seeks Extension of Time to Serve**

In the matter at hand, the defendants are alleged to be evading service of process. Under the jurisdiction of the Eleventh Circuit, the legal standards for determining whether evasion of service justifies an extension of time for service of process are well-established.

Firstly, it is important to note that service of process is a jurisdictional requirement. *Prewitt Enters. v. OPEC,* 353 F.3d 916 2003; *Abele v. City of Brooksville*, 273 Fed. Appx. 809. A court lacks jurisdiction over a defendant who has not been properly served. This principle is clearly articulated in *Hemispherx Biopharma, Inc. v. Johannesburg Consolidated Investments*, where the Eleventh Circuit stated that "service of process is a jurisdictional requirement: a court lacks

jurisdiction over the person of a defendant when that defendant has not been served" *Dish Network L.L.C. v. Reich*, 2020 U.S. Dist. LEXIS 81360. *Landmark Am. Ins. Co. v. White-Spunner Constr., Inc.*, 2016 U.S. Dist. LEXIS 131013

The Eleventh Circuit has also provided guidance on what constitutes "good cause" for failing to effect timely service. Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277; *Nelson v. Barden*, 145 Fed. Appx. 303. However, even in the absence of good cause, a district court has the discretion to extend the time for service of process if special circumstances warrant such an extension. *Boyd v. Koch Foods of Ala.*, LLC, 2011 U.S. Dist. LEXIS 140994. Here, the process server, Margaret Ruddock specifically requested that the person(s) able to accept service on behalf of the City of Doraville accept service. The Deputy Clerk took the papers on behalf of all defendants as stated in the affidavit of service.

One of the special circumstances that can justify an extension of time for service is the evasion of service by the defendant *Pridemore v. Regis Corp.*, 2011 U.S. Dist. LEXIS 140 *PNCEF, LLC v. Hendricks Bldg. Supply, LLC*, 2010 U.S. Dist. LEXIS 42725. The Advisory Committee Note to Rule 4(m) explicitly states

that relief may be justified if the defendant is evading service *Williams v. Pep Boys, Inc.*, 2010 U.S. Dist. LEXIS 86512. This position is further supported by the Eleventh Circuit in *Horenkamp v. Van Winkle and Co.,* where the court noted that evasion of service is a factor that may justify an extension of time for service of process *Slate v. Kamau*, 2023 U.S. Dist. LEXIS 232103.  *Chute v. Blackrock Asset Mgmt., LLC*, 2011 U.S. Dist. LEXIS 166177

      Moreover, the Eleventh Circuit has recognized that a party's efforts to evade service of process justify an extension of time to effect service  *Nappi v. Welcom Prods.*, 2014 U.S. Dist. LEXIS 50436  Ingram v. Ingram, 2012 U.S. Dist. LEXIS 190512. In Horenkamp, the court emphasized that the Advisory Committee Note to Rule 4(m) provides guidance on factors that may justify an extension, including the evasion of service by the defendant  *Williams v. Pep Boys, Inc.*, 2010 U.S. Dist. LEXIS 86512  *Bailey v. Employment Stds. Admin.*, 2007 U.S. Dist. LEXIS 104293. This principle is also supported by the case of Lepone-Dempsey v. Carroll County Commissioners, where the court held that even if good cause is not shown, courts should consider special factors such as the defendant's evasion of service in deciding whether to extend the service period.

In conclusion, under the jurisdiction of the Eleventh Circuit, the defendants' evasion of service constitutes a valid ground for extending the time for service of process. The legal standards and precedents clearly support the argument that evasion of service is a special circumstance that justifies such an extension. Therefore, the court should grant an extension of time for service of process in this case.

## CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss[1].

Respectfully submitted this 31st day of January, 2025.

                                                  UGWONALI LAW GROUP LLC

                                                  /s/ Adanna U. Ugwonali
                                                  Adanna U. Ugwonali, Esq.
                                                  Georgia Bar No. 360541
                                                  Attorney for Plaintiff

750 Hammond Drive,
Building 12, Ste. 200
Atlanta, Georgia 30328
(404) 593-2705 [Telephone]
(404) 334-3306 [Facsimile]
adanna@auulaw.com

---

[1] Plaintiff reserves the right to supplement this response.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER ROSHOD JORDAN, | * * * |
| Plaintiff, | * * Civil Action No.: |
| v. | * * |
| CITY OF DORAVILLE, P.O. NALEPA, P.O. PIKE, | * * * |
| Defendants. | * |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

> SCOTT W. KELLY
> FULCHER HAGLER LLP
> One Tenth Street, Suite 700
> Augusta, GA 30903-1477
> skelly@fulcherlaw.com

Respectfully submitted this 31st day of January, 2025.

> UGWONALI LAW GROUP LLC
>
> /s/ Adanna U. Ugwonali
> Adanna U. Ugwonali, Esq.
> Georgia Bar No. 360541
> Attorney for Plaintiff

750 Hammond Drive,

Building 12, Ste. 200
Atlanta, Georgia 30328
(404) 593-2705 [Telephone]
(404) 334-3306 [Facsimile]